UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GARY HUNTER,**

    *Plaintiff*,

vs.

**CONSTELLIS, INC. d/b/a CONSTELLIS;
CENTERRA, INC., d/b/a CENTERRA
INTEGRATED SERVICES; CONSTELLIS
NATIONAL SECURITY DIVISION, LLC;
CONSTELLIS, LLC; JOHN DOE 1;
JOHN DOE 2; and JOHN DOE 3,
jointly and severally,**

    *Defendants*.

**CASE NO.
HON.**

**STEPHEN J. CHACKO (P78210)
MOHAMMED AZEEM NASSER (P74485)
THE PERKINS LAW GROUP, PLLC**
*Attorneys for Plaintiff*
615 Griswold, Suite 400
Detroit, MI 48226
(313) 964-1702
sjchacko@perkinslawgroup.net
mnasser@perkinslawgroup.net

There is no other pending civil litigation arising out of the transaction or occurrence alleged in this complaint.

            /s/Stephen J. Chacko
**STEPHEN J. CHACKO (P78210)**

**PLAINTIFF'S COMPLAINT**

**NOW COMES** Plaintiff, **GARY HUNTER**, by and through his attorneys, **THE PERKINS LAW GROUP, PLLC**, and for his Complaint in the above-named matter, states as follows:

## FACTUAL INFORMATION

1. Plaintiff GARY HUNTER ("Hunter") is, at all times relevant to this Complaint, a resident of the City of Detroit, County of Wayne, State of Michigan.

2. Defendant CONSTELLIS, INC. d/b/a CONSTELLIS ("Constellis, Inc.") is a corporation incorporated in the State of Delaware.

3. Defendant CENTERRA, INC., d/b/a CENTERRA INTEGRATED SERVICES ("Centerra, Inc.") is a corporation incorporated in the State of Delaware.

4. Defendant CONSTELLIS NATIONAL SECURITY DIVISION, LLC ("Constellis National Security Division") is a limited liability company organized in the State of Delaware.

5. Defendant CONSTELLIS, LLC ("Constellis, LLC") is a limited liability company organized in the State of Delaware.

6. Defendants JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3 (collectively referred to herein as Defendants "John Doe") are employees and/or agents of

Defendants Constellis, Inc., Centerra, Inc., Constellis National Security Division, and/or Constellis, LLC.

7. The events resulting in this action occurred in the City of Detroit, County of Wayne, State of Michigan.

8. Pursuant to 28 U.S. Code 1332, diversity of citizenship exists in the instant case as the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

## GENERAL ALLEGATIONS

9. On or about May 18, 2017, Mr. Hunter entered the Social Security Administration Offices located at 10201 W. 7 Mile Road, Detroit, Michigan.

10. Mr. Hunter is a professional photographer who has traveled with dignitaries and elected officials, and has been granted security clearances by the United States Secret Service on numerous occasions.

11. Upon entering the Office, Mr. Hunter walked through the metal security detectors and was told that he had some sort of metal on his person.

12. Mr. Hunter proceeded to empty his pockets of all objects, and requested the security personnel whether they were able to use a metal detector, as he had no metal items on his person, at which time he was informed that a wand was not available.

13. Mr. Hunter then exited the building and returned to his personal vehicle, where he deposited all of his belongings.

14. At that time, Mr. Hunter observed several unknown individuals nearby his vehicle, which contained his expensive professional camera and lenses in open view, and therefore, feeling uncomfortable leaving these items in his vehicle while he conducted business inside of the Social Security Administration Offices, Mr. Hunter took his camera with him back toward the Social Security office building.

15. As Mr. Hunter approached the building, he was tackled, battered, and assaulted by three (3) security guards/agents, identified as Defendants John Doe, who were employed by Defendants.

16. Mr. Hunter was told that he had been taking pictures of the interior of the Social Security Administration Offices, and as such, had violated the Office's policies regarding photography.

17. Mr. Hunter never operated his camera, nor was it turned on.

18. At the time that he was tackled, assaulted and battered, Mr. Hunter was only walking towards the Social Security Administration Building and was not inside the building.

19. Mr. Hunter suffered significant bodily injuries as a result of the actions of Defendants' agents outside of the Social Security Administration Offices.

20. Mr. Hunter sustained significant bodily injuries as a result of the actions of Defendants John Doe, including, but not limited to, injuries to his head, blurred vision, migraines; neck; both shoulders; both arms; left hip; left knee; back; spasms; and nerve damage in his arms and hands.

## COUNT I – ASSAULT & BATTERY
## AS TO DEFENDANTS JOHN DOE 1, JOHN DOE 2, AND JOHN DOE 3

21. Plaintiff restates and incorporates the prior allegations as if fully restated herein.

22. That Defendants John Doe, without proper grounds, willfully and maliciously attacked Mr. Hunter outside of the Social Security Administration Offices on or about May 18, 2017. The injuries sustained by Mr. Hunter were inflicted while he presented no immediate threat to anyone.

23. That as a direct and proximate result of the willful, wanton, malicious, and intentional actions of Defendants John Doe, Mr. Hunter suffered severe bodily injuries, mental anguish, humiliation and embarrassment, including, but not limited to, injuries to his head, neck, back, shoulders, hip, arms, and knee.

**WHEREFORE**, Plaintiff prays that this Honorable Court enters a judgment against the Defendants, jointly and severally, in excess of seventy-five thousand dollars ($75,000.00), plus interests, costs, attorneys' fees, and punitive damages to the extent allowed by law.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. Plaintiff restates and incorporates the prior allegations as if fully restated herein.

25. That Defendants intentionally caused severe emotional distress to Mr. Hunter by their willful, wanton, extremely reckless and indifferent conduct, including, but not limited to, engaging in and/or allowing a senseless physical attack upon the person of Mr. Hunter which directly led to his severe bodily injuries.

26. That the actions of Defendants go well beyond all bounds of decency and were done with the purpose of inflicting emotional distress and fear.

27. That the aforesaid actions by Defendants were so outrageous in character and were so extreme in degree that a reasonable member of the community would regard such conduct as atrocious, going beyond all possible bounds of decency and as being utterly intolerable in a civilized society.

28. That as a direct and proximate result of Defendants' extremely reckless and indifferent conduct, Mr. Hunter suffered severe pain, emotional distress, mental anguish, and physical injuries as the result of being tackled and beaten, including, but not limited to: injuries to his head, neck, back, shoulders, hip, arms, and knee.

**WHEREFORE**, Plaintiff prays that this Honorable Court enters a judgment against the Defendants, jointly and severally, in excess of seventy-five thousand dollars ($75,000.00) plus costs, interests, attorneys fees, and punitive damages to the extent allowed by law.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiff restates and incorporates the prior allegations as if fully restated herein.

30. That the actions of Defendants caused severe emotional distress to Mr. Hunter through their extremely negligent actions and breach of the duty of care including, but not limited to, engaging in a senseless, baseless physical attack upon the person of Mr. Hunter, which led directly to his severe physical injuries.

31. That as a direct and proximate result of Defendants extremely negligent, reckless, and indifferent conduct, Mr. Hunter suffered severe pain, emotional distress, and mental anguish as the result of being attacked by Defendants John Doe at the Social Security Administration Offices.

**WHEREFORE**, Plaintiff prays that this Honorable Court enters a judgment against the Defendants, jointly and severally, in excess of seventy-five thousand dollars ($75,000.00) plus interests, costs, attorneys' fees, and punitive damages to the extent allowed by law.

## COUNT IV – NEGLIGENT HIRING, TRAINING, AND SUPERVISION OF DEFENDANTS' AGENTS AND/OR EMPLOYEES AS TO DEFENDANTS CONSTELLIS, INC., CENTERRA, INC., CONSTELLIS NATIONAL SECURITY DIVISION, AND CONSTELLIS, LLC

32. Plaintiff restates and incorporates the prior allegations as if fully restated herein.

33. That at all times relevant herein, Defendants John Doe were acting under the direction and control of, and pursuant to the policies of, Defendants Constellis, Inc., Centerra, Inc., Constellis National Security Division, and Constellis, LLC.

34. That Defendants Constellis, Inc., Centerra, Inc., Constellis National Security Division, and Constellis, LLC acted in contravention of their duty of care to Mr. Hunter, negligently, carelessly, and recklessly, by failing to properly train, supervise, control, direct, and monitor their staffs and agents in their duties and responsibilities.

35. That as a direct and proximate result of the acts and omissions of Defendants Constellis, Inc., Centerra, Inc., Constellis National Security Division, and Constellis, LLC, Mr. Hunter was wrongfully and unlawfully attacked and beaten outside of the Social Security Administration Offices.

**WHEREFORE**, Plaintiff prays that this Honorable Court enters a judgment against the Defendants, jointly and severally, in excess of seventy-five thousand

dollars ($75,000.00) plus interests, costs, attorneys' fees, and punitive damages to the extent allowed by law.

### COUNT V – NEGLIGENCE IN DUTY OF CARE PROVIDED AS TO DEFENDANTS CONSTELLIS, INC., CENTERRA, INC., CONSTELLIS NATIONAL SECURITY DIVISION, AND CONSTELLIS, LLC

43. Plaintiff restates and incorporates the prior allegations as if fully restated herein.

44. That Defendants Constellis, Inc., Centerra, Inc., Constellis National Security Division, and Constellis, LLC had a special relationship with Mr. Hunter as an invitee.

45. That Defendants Constellis, Inc., Centerra, Inc., Constellis National Security Division, and Constellis, LLC failed to act with reasonable care to prevent Mr. Hunter from the foreseeable acts of Defendants John Doe, employees and/or agents of Defendants Constellis, Inc., Centerra, Inc., Constellis National Security Division, and Constellis, LLC.

46. That as a direct and proximate result of the acts and omissions of Defendants Constellis, Inc., Centerra, Inc., Constellis National Security Division, and Constellis, LLC, Mr. Hunter was subject to a severe beating in which he suffered severe bodily injury.

**WHEREFORE**, Plaintiff prays that this Honorable Court enters a judgment against the Defendants, jointly and severally, in excess of seventy-five thousand

($75,000.00), plus interests, costs, attorneys' fees, and punitive damages to the extent allowed by law.

        Respectfully Submitted,

        */s/Stephen J. Chacko*
        **THE PERKINS LAW GROUP, PLLC**
        *Attorney for Plaintiff*
        615 Griswold, Suite 400
        Detroit, MI 48226
        (313) 964-1702 / (313) 964-1980 fax
        sjchacko@perkinslawgroup.net
        P78210

Dated: May 17, 2019

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

**GARY HUNTER,**

    *Plaintiff*,

vs.                                                              **CASE NO.**
                                                        **HON.**

**CONSTELLIS, INC. d/b/a CONSTELLIS;**
**CENTERRA, INC., d/b/a CENTERRA**
**INTEGRATED SERVICES; CONSTELLIS**
**NATIONAL SECURITY DIVISION, LLC;**
**CONSTELLIS, LLC; JOHN DOE 1;**
**JOHN DOE 2; and JOHN DOE 3,**
**jointly and severally,**

    *Defendants*.

---

**STEPHEN J. CHACKO (P78210)**
**MOHAMMED AZEEM NASSER (P74485)**
**THE PERKINS LAW GROUP, PLLC**
*Attorneys for Plaintiff*
615 Griswold, Suite 400
Detroit, MI 48226
(313) 964-1702
sjchacko@perkinslawgroup.net
mnasser@perkinslawgroup.net

---

**JURY DEMAND**

    **NOW COMES**, Plaintiff, **GARY HUNTER**, by and through his retained counsel, **THE PERKINS LAW GROUP, PLLC**, and hereby demands a jury trial for all the issues above for which there is a right to trial by jury.

Respectfully Submitted,


*/s/Stephen J. Chacko*
**THE PERKINS LAW GROUP, PLLC**
*Attorney for Plaintiff*
615 Griswold, Suite 400
Detroit, MI 48226
(313) 964-1702 / (313) 964-1980 fax
sjchacko@perkinslawgroup.net
P78210

Dated: May 17, 2019